Daniel Srourian, Esq. (CA Bar No. 285678)
**Srourian Law Firm, P.C.**
468 N. Camden Dr., Suite 200
Beverly Hills, CA 90210
P: (213) 474-3800
F: (213) 471-4160
daniel@slfla.com

M. Anderson Berry (CA Bar No. 262879)
Gregory Haroutunian (CA Bar No. 330263)
Brandon P. Jack (CA Bar No. 322880)
EMERY | REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
916.823.6955 (Tel)
anderson@emeryreddy.com
gregory@emeryreddy.com
brandon@emeryreddy.com

*Attorneys for Plaintiff and Proposed Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON WOODARD, individually, and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>vs.<br><br>OPENAI, INC., MIXPANEL, INC.,<br><br>   Defendants. | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br>**1. Negligence**<br>**2. Breach of Implied**<br>**3. Unjust Enrichment**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jon Woodard ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following Class Action Complaint (the "Action") against Defendants OpenAI, Inc. and Mixpanel, Inc. (collectively, "Defendants") upon personal knowledge as to himself and his own actions, and upon information and belief, including the investigation of counsel as follows:

## I.      INTRODUCTION

1.      Plaintiff seeks monetary damages and injunctive and declaratory relief arising from Defendants' failure to safeguard the Personally Identifiable Information ("PII" or "Private Information") of Plaintiff and Class Members, which resulted in unauthorized access to its information systems and the compromised and unauthorized disclosure of that Private Information, causing widespread injury and damages to Plaintiff and the proposed (defined below) members.

2.      Defendant, OpenAI, Inc. develops and licenses artificial intelligence models and related technologies.

3.      Defendant, Mixpanel, Inc. provides analytics platforms that collect and evaluate user-interaction data to help businesses measure product usage, understand customer behavior, and make data-driven decisions.

4.      Defendants confirmed experiencing a data breach in November 2025 that exposed, at the minimum, the names, email addresses, locations, operating

system and browsers utilized, referring websites, and User IDs (the "Data Breach") of users.

5.    As a result of the Data Breach, which Defendants failed to prevent, the Private Information of Plaintiff and the proposed Class Members was stolen.

6.    Defendants' failure to safeguard Plaintiff and Class Members' highly sensitive Private Information as exposed and unauthorizedly disclosed in the Data Breach violates their common law duties, California law, and Defendants' implied contract with the users to safeguard their Private Information.

7.    Plaintiff and Class Members now face a lifetime risk of identity theft due to the nature of the information lost, which they cannot change, and which cannot be made private again.

8.    Defendants' harmful conduct has injured Plaintiff and Class Members in multiple ways, including: (i) the lost or diminished value of their Private Information; (ii) costs associated with the prevention, detection, and recovery from identity theft, tax fraud, and other unauthorized use of their data; (iii) lost opportunity costs to mitigate the Data Breach's consequences, including lost time; and (iv) emotional distress associated with the loss of control over their highly sensitive Private Information.

9.     Defendants' failure to protect Plaintiff and Class Members' Private Information has harmed and will continue to harm thousands of Defendants' Clients, causing Plaintiff to seek relief on a class wide basis.

10.    On behalf of himself and the Class preliminarily defined below, Plaintiff brings causes of action against Defendants for negligence, breach of implied contract, and unjust enrichment, seeking an award of monetary damages and injunctive and declaratory relief, resulting from Defendants' failure to adequately protect their highly sensitive Private Information.

## II.    JURISDICTION AND VENUE

11.    The Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million, exclusive of interest and costs. The number of class members is over 100, and at least one Class member is a citizen of a state that is diverse from Defendants' citizenship. Thus, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A).

12.    This Court has personal jurisdiction over Defendant, OpenAI, Inc., because it has its principal place of business in California and does a significant amount of business in California.

CLASS ACTION COMPLAINT

13.    This Court has personal jurisdiction over Defendant, Mixpanel, Inc., because it has its principal place of business in California and does a significant amount of business in California.

14.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) because both Defendant OpenAI, Inc. and Mixpanel, Inc. have its principal place of business located in this District, and a substantial part of the events giving rise to this action occurred in this District.

## III.    PARTIES

15.    Plaintiff is an individual citizen of California. Plaintiff utilizes the products offered by Defendant OpenAI, Inc.

16.    Defendant OpenAI, Inc. is a corporation organized under the laws of California with its principal place of business at 1455 3rd Street, San Francisco, California 94107.

17.    Defendant Mixpanel, Inc. is a corporation organized under the laws of California with its principal place of business at 1 Front Street, Pier 1, San Francisco, California 94111.

## IV.    FACTUAL ALLEGATIONS

18.    At the time of the Data Breach, Defendants maintained Plaintiff's and the Class Members' PII in its database and systems.

19.    By obtaining, collecting, and storing Plaintiff's and Class Members' PII, Defendants assumed legal and equitable duties and knew or should have known that it was responsible for protecting Plaintiff's and Class Members' PII from disclosure.

20.    Plaintiff and Class Members relied on Defendants to keep their PII confidential and securely maintained, to use this information for business purposes only, and to make only authorized disclosures of this information.

21.    Defendants had a duty to adopt reasonable measures to protect Plaintiff's and Class Members' PII from involuntary disclosure to third parties.

22.    Prior to the Data Breach Incident, Defendants should have (i) encrypted or tokenized the sensitive PII of Plaintiff and the Class Members, (ii) deleted such PII that it no longer had reason to maintain, (iii) eliminated the potential accessibility of the PII from the internet and its website where such accessibility was not justified, and (iv) otherwise reviewed and improved the security of its network system that contained the PII.

23.    Prior to the Data Breach Incident, on information and belief, Defendants did not (i) encrypt or tokenize the sensitive PII of Plaintiff and the Class Members, (ii) delete such PII that it no longer had reason to maintain, (iii) eliminate the potential accessibility of the PII from the internet and its website where such

accessibility was not justified, and (iv) otherwise review and improve the security of its network system that contained the PII .

24.    Plaintiff's and Class Members' unencrypted information may end up for sale on the dark web and/or fall into the hands of companies that will use the detailed PII for targeted marketing without the approval.

25.    Defendants failed to use reasonable security procedures and practices appropriate to the nature of the sensitive, unencrypted information it was maintaining for Plaintiff and the Class Members.

26.    Plaintiff and the Class Members have taken reasonable steps to maintain the confidentiality of their PII, relied on Defendants to keep their PII confidential and securely maintained, to use this information for business purposes only, and to make only authorized disclosures of this information.

27.    Defendants could have prevented the Data Breach Incident by properly securing and encrypting Plaintiff's and Class Members' PII, or Defendants could have destroyed the data, especially old data from former inquiries and/or customers that Defendants had no legal right or responsibility to retain.

28.    Defendants' negligence in safeguarding Plaintiff's and the Class Members' PII is exacerbated by the repeated warnings and alerts directed to protecting and securing sensitive data.

CLASS ACTION COMPLAINT

29.    Despite the prevalence of public announcements and knowledge of data breach and data security compromises, Defendants failed to take appropriate steps to protect the PII of Plaintiff and the Class Members from being compromised.

30.    The ramifications of Defendants' failure to keep secure Plaintiff's and the Class Members' PII are long lasting and severe. Once PII is stolen, fraudulent use of that information and damage to victims may continue for years.

31.    The PII of Plaintiff and the Class Members was stolen to engage in identity theft and/or to sell it to criminals who will purchase the PII for that purpose.

32.    Moreover, there may be a time lag between when harm occurs versus when it is discovered, and also between when PII is stolen and when it is used.

33.    At all relevant times, Defendants knew, or reasonably should have known, of the importance of safeguarding Plaintiff's and the Class Members' PII, and of the foreseeable consequences that would occur if Defendants' data security system was breached, including, specifically, the significant costs that would be imposed on Plaintiff and the Class Members as a result of a breach.

34.    Plaintiff and Class Members now face years of constant surveillance of their financial and personal records, monitoring, and loss of rights. Plaintiff and Class Members are incurring and will continue to incur such damages in addition to any fraudulent use of their PII.

35.    Defendants were, or should have been, fully aware of the unique type and the significant volume of data on Defendants' network, potentially amounting to millions of individuals' detailed and confidential personal information and thus, the significant number of individuals who would be harmed by the exposure of the unencrypted data.

36.    The injuries to Plaintiff and the Class Members were directly and proximately caused by Defendants' failure to implement or maintain adequate data security measures for the Plaintiff's and the Class Members' PII.

37.    Plaintiff has suffered and will continue to suffer a substantial risk of imminent identity, financial, and health fraud and theft; emotional anguish and distress resulting from the Data Breach Incident, including emotional distress and damages about the years of identity fraud Plaintiff faces; and increased time spent reviewing financial statements and credit reports to determine whether there has been fraudulent activity on any of her accounts.

38.    Plaintiff has a continuing interest in ensuring that his PII, which, upon information and belief, remains backed up in Defendants' possession, is protected and safeguarded from future breaches.

## V.    CLASS ACTION ALLEGATIONS

39.    Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(1), 23(b)(2), and 23(b)(3), on behalf of a class defined as:

**Nationwide**: All individuals whose PII was accessed and/or acquired by an unauthorized party in the Data Breach.

40.    Excluded from the Class are the following individuals and/or entities: Defendants and Defendants' parents, subsidiaries, affiliates, officers and directors, and any entity in which Defendants have a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

41.    Plaintiff reserves the right to amend the definition of the Class or add a Class or Subclass if further information and discovery indicate that the definition of the Class should be narrowed, expanded, or otherwise modified.

42.    **Numerosity**. The Class Members are so numerous that joinder of all members is impracticable. Upon information, thousands of individuals had their PII compromised in this Data Breach. The identities of Class Members are ascertainable through Defendants's records, Class Members' records, publication notice, self-identification, and other means.

43.    **Commonality**. There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

  a.    Whether and to what extent Defendants had respective duties to protect the Private Information of Plaintiff and Class Members;

b.  Whether Defendants had respective duties not to disclose the Private Information of Plaintiff and Class Members to unauthorized third parties;

c.  Whether Defendants had respective duties not to use the Private Information of Plaintiff and Class Members for non-business purposes;

d.  Whether Defendants failed to adequately safeguard the Private Information of Plaintiff and Class Members;

e.  Whether Defendants failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach;

f.  Whether Defendants adequately addressed and fixed the vulnerabilities which permitted the Data Breach to occur;

g.  Whether Plaintiff and Class Members are entitled to actual damages, statutory damages, and/or nominal damages as a result of Defendants' wrongful conduct; and

h.  Whether Plaintiff and Class Members are entitled to injunctive relief to redress the imminent and currently ongoing harm faced as a result of the Data Breach.

44.    **Typicality**. Plaintiff's claims are typical of those of other Class Members because Plaintiff's PII, like that of every other Class Member, was compromised in the Data Breach.

45.    This class action is also appropriate for certification because Defendants acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' policies challenged herein apply to and affect Class Members uniformly and Plaintiff's challenge of these policies hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

46.    **Adequacy of Representation**. Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff's Counsel is competent and experienced in litigating Class actions, including data privacy litigation of this kind.

47.    **Predominance**. Defendants have engaged in a common course of conduct toward Plaintiff and Class Members, in that all the Plaintiff's and Class Members' data was stored on the same computer systems and unlawfully accessed in the same way. The common issues arising from Defendants' conduct affecting Class Members set out above predominate over any individualized issues.

Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

48.    **Superiority**. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation. Absent a class action, most Class Members would likely find that the cost of litigating their individual claims is prohibitively high and would therefore have no effective remedy. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, which would establish incompatible standards of conduct for Defendants. In contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each Class Member.

49.    Defendants have acted on grounds that apply generally to the Class as a whole, so that class certification, injunctive relief, and corresponding declaratory relief are appropriate on a class-wide basis.

50.    Further, Defendants have acted on grounds that apply generally to the Class as a whole, so that class certification, injunctive relief, and corresponding declaratory relief are appropriate on a class-wide basis.

a.  Whether Defendants owed a legal duty to Plaintiff and the Class to exercise due care in collecting, storing, and safeguarding their Private Information;

b.  Whether Defendants' security measures to protect their data systems were reasonable in light of best practices recommended by data security experts;

c.  Whether Defendants' failure to institute adequate protective security measures amounted to negligence;

d.  Whether Defendants' failure to institute adequate protective security measures amounted to breach of an implied contract;

e.  Whether Defendants failed to take commercially reasonable steps to safeguard consumer Private Information; and

f.  Whether adherence to FTC data security recommendations, and measures recommended by data security experts would have reasonably prevented the Data Breach.

51.    Finally, all members of the proposed Class are readily ascertainable. Defendants had access to Class Members' information affected by the Data Breach. Class Members have already been preliminarily identified and sent notice of the Data Breach by Defendant.

## VI.    CAUSES OF ACTION

**COUNT ONE**
**NEGLIGENCE**
**(On behalf of Plaintiff and all Class Members)**

52.     Plaintiff hereby repeats and realleges paragraphs 1 through 51 of this Complaint and incorporates them by reference herein.

53.     Defendants owed respective duties under common law to Plaintiff and Class Members to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting their Private Information in their possession from being compromised, lost, stolen, accessed, and misused by unauthorized persons.

54.     Defendants' duties to use reasonable care arose from several sources, including but not limited to those described below.

55.     Defendants had a common law duty to prevent foreseeable harm to others. This duty existed because Plaintiff and Class Members were the foreseeable and probable victims of any inadequate security practices on the part of Defendants. By collecting and storing Private Information that is routinely targeted by criminals for unauthorized access, Defendants were obligated to act with reasonable care to protect against these foreseeable threats.

56.     Defendants breached their duties owed to Plaintiff and Class Members and thus were negligent. Defendants breached these duties by, among other things: (a) mismanaging their systems and failing to identify reasonably foreseeable internal

and external risks to the security, confidentiality, and integrity of customer information that resulted in the unauthorized access and compromise of PII; (b) mishandling their data security by failing to assess the sufficiency of the safeguards in place to control these risks; (c) failing to design and implement information safeguards to control these risks; (d) failing to adequately test and monitor the effectiveness of the safeguards' key controls, systems, and procedures; (e) failing to evaluate and adjust their information security program in light of the circumstances alleged herein; (f) failing to detect the breach at the time it began or within a reasonable time thereafter; and (g) failing to follow their own privacy policies and practices published to their clients.

57.     But for Defendants' wrongful and negligent breach of their duties owed to Plaintiff and Class Members, their Private Information would not have been compromised.

58.     As a direct and proximate result of Defendants' negligence, Plaintiff and Class Members have suffered injuries, including:

    a.  Theft of their Private Information;

    b.  Costs associated with the detection and prevention of identity theft and unauthorized use of the financial accounts;

    c.  Costs associated with purchasing credit monitoring and identity theft protection services;

d.  Lowered credit scores resulting from credit inquiries following fraudulent activities;

e.  Costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate, mitigate, and deal with the actual and future consequences of the Data Breach – including finding fraudulent charges, cancelling and reissuing cards, enrolling in credit monitoring and identity theft protection services, freezing and unfreezing accounts, and imposing withdrawal and purchase limits on compromised accounts;

f.  The imminent and certainly impending injury flowing from the increased risk of potential fraud and identity theft posed by their PII being placed in the hands of criminals;

g.  Damages to and diminution in value of their Private Information entrusted, directly or indirectly, to Defendants with the mutual understanding that Defendants would safeguard Plaintiff's and Class Members' data against theft and not allow access and misuse of their data by others;

h.  Continued risk of exposure to hackers and thieves of their Private Information, which remains in Defendants' possession and is subject to

further breaches so long as Defendants fails to undertake appropriate and adequate measures to protect Plaintiff's and Class Members' data;

i.    The erosion of the essential and confidential relationship between Defendants and Plaintiff and Class members as customers; and

j.    Loss of personal time spent carefully reviewing statements from financial accounts to check for unauthorized charges and/or access.

59.    As a direct and proximate result of Defendants' negligence, Plaintiff and Class Members are entitled to damages, including compensatory, punitive, and nominal damages, in an amount to be proven at trial.

## COUNT TWO
## BREACH OF IMPLIED CONTRACT
### (On behalf of Plaintiff and all Class Members)

60.    Plaintiff hereby repeats and realleges paragraphs 1 through 51 of this Complaint and incorporates them by reference herein.

61.    Defendants offered to provide services to users in exchange for users providing their private information and providing payment.

62.    Plaintiff and Class Members were required to provide their Private Information to the Defendants to receive benefits.

63.    In turn, Defendants impliedly promised to protect Plaintiff's and Class Members' Private Information through adequate data security measures.

64.    Plaintiff and Class Members would not have otherwise entrusted their Private Information to Defendants.

65.    Defendants materially breached their agreement(s) by failing to safeguard such Private Information, violating industry standards necessarily incorporated in the agreement.

66.    Plaintiff and Class Members have performed under the relevant agreements, or such performance was waived by the conduct of Defendants.

67.    The covenant of good faith and fair dealing is an element of every contract. All such contracts impose on each party a duty of good faith and fair dealing. The parties must act with honesty in fact in the conduct or transactions concerned. Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit—not merely the letter—of the bargain. Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract along with its form.

68.    Defendants' conduct as alleged herein also violated the implied covenant of good faith and fair dealing inherent in every contract.

69.    The losses and damages Plaintiff and Class members sustained as described herein were the direct and proximate result of Defendants' breaches of the

implied contracts with them, including breach of the implied covenant of good faith and fair dealing.

**COUNT THREE**
**UNJUST ENRICHMENT**
**(On behalf of Plaintiff and all Class Members)**

70.    Plaintiff hereby repeats and realleges paragraphs 1 through 51 of this Complaint and incorporates them by reference herein.

71.    Plaintiff and Class Members conferred a benefit on Defendants by entrusting their PII to Defendants from which it derived profits.

72.    Defendants enriched themselves by saving the costs they reasonably should have expended on data security measures to secure Plaintiff's and Class Members' PII. Instead of providing a reasonable level of security that would have prevented the Data Breach, Defendants instead calculated to avoid their data security obligations at the expense of Plaintiff and Class Members by utilizing cheaper, ineffective security measures. Plaintiff and Class Members, on the other hand, suffered as a direct and proximate result of Defendants' failure to provide adequate security.

73.    Under the principles of equity and good conscience, Defendants should not be permitted to retain the money belonging to Plaintiff and Class Members, because Defendants failed to implement appropriate data management and security measures that are mandated by industry standards.

74.    Defendants acquired the PII through inequitable means in that Defendants failed to disclose the inadequate security practices, previously alleged, and failed to maintain adequate data security.

75.    If Plaintiff and Class Members knew that Defendants had not secured their PII, they would not have agreed to disclose their data to Defendants.

76.    Plaintiff and Class Members have no adequate remedy at law.

77.    As a direct and direct an proximate result of Defendants' conduct, Plaintiff and the Class have suffered and will suffer injury, including but not limited to: (i) the actual misuse of their compromised PII; (ii) invasion of privacy; (iii) lost or diminished value of PII; (iv) lost time and opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach; (v) loss of benefit of the bargain; (vi) an increase in spam calls, texts, and/or emails; (vii) the continued and certainly increased risk to their PII, which: (a) remains unencrypted and available for unauthorized third parties to access and abuse; and (b) remains backed up in Defendants' possession and is subject to further unauthorized disclosures or further entrustment to inadequate third party vendors so long as Defendants fails to undertake appropriate and adequate measures to protect the PII; (vii) future costs in terms of time, effort and money that will be expended to prevent, detect, contest, and repair the inevitable and continuing consequences of compromised PII for the rest of their lives; (ix) the present value of ongoing credit monitoring and identity defense

services necessitated by Defendants' Data Breach; (x) the value of the unauthorized access to their PII permitted by Defendants; and (xi) any nominal damages that may be awarded.

78.    Plaintiff and Class Members are entitled to restitution and/or damages from Defendants and/or an order proportionally disgorging all profits, benefits, and other compensation obtained by Defendants from its wrongful conduct, as well as return of their sensitive PII and/or confirmation that it is secure. This can be accomplished by establishing a constructive trust from which the Plaintiff and Class Members may seek restitution or compensation.

79.    Plaintiff and Class Members may not have an adequate remedy at law against Defendants, and accordingly, they plead this claim for unjust enrichment in addition to, or in the alternative to, other claims pleaded herein.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and Class Members, requests judgment against Defendants and that the Court grants the following:

A. For an order certifying the Class and Subclass, as defined herein, and appointing Plaintiff and his Counsel to represent the Class;

B. For equitable relief enjoining Defendants from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of the Private Information of Plaintiff and Class Members, and

from refusing to issue prompt, complete, and accurate disclosures to

Plaintiff and Class Members;

C.  For injunctive relief requested by Plaintiff, including but not limited

to, injunctive and other equitable relief as is necessary to protect the

interests of Plaintiff and Class Members, including but not limited to an

order:

    i.      prohibiting Defendants from engaging in the wrongful and

             unlawful acts described herein;

    ii.     requiring Defendants to protect, including through encryption,

             all data collected through the course of business in accordance

             with all applicable regulations, industry standards, and federal,

             state, or local laws.

    iii.    requiring Defendants to delete, destroy, and purge the Private

             Information of Plaintiff and Class Members unless Defendants

             can provide to the Court reasonable justification for the

             retention and use of such information when weighed against the

             privacy interests of Plaintiff and Class Members;

    iv.    requiring Defendants to implement and maintain a

             comprehensive information security program designed to

CLASS ACTION COMPLAINT

protect the confidentiality and integrity of the Private

Information of Plaintiff and Class Members;

v.    prohibiting Defendants from maintaining the Private

Information of Plaintiff and Class Members on a cloud-based

database;

vi.    requiring Defendants to engage independent third-party security

auditors/penetration testers as well as internal security

personnel to conduct testing, including simulated attacks,

penetration tests, and audits on Defendants' systems on a

periodic basis, and ordering Defendants to promptly correct any

problems or issues detected by such third-party security

auditors;

vii.    requiring Defendants to engage independent third-party security

auditors and internal personnel to run automated security

monitoring;

viii.    requiring Defendants to audit, test, and train their security

personnel regarding any new or modified procedures;

ix.    requiring Defendants to segment data by, among other things,

creating firewalls and access controls so that if one area of

Defendants' network is compromised, hackers cannot gain access to other portions of Defendants' systems;

x.     requiring Defendants to conduct regular database scanning and security checks;

xiv.   requiring Defendants to implement, maintain, regularly review, and revise as necessary a threat management program designed to appropriately monitor Defendants' information networks for threats, both internal and external, and assess whether monitoring tools are appropriately configured, tested, and updated;

xv.    requiring Defendants to meaningfully educate all Class Members about the threats that they face as a result of the loss of their confidential Private Information to third parties, as well as the steps affected individuals must take to protect themselves; and

xvi.   requiring Defendants to implement logging and monitoring programs sufficient to track traffic to and from Defendants' servers; and for a period of 10 years, appointing a qualified and independent third-party assessor to conduct an attestation on an annual basis to evaluate Defendants' compliance with the terms

of the Court's final judgment, to provide such report to the

Court and to counsel for the class, and to report any deficiencies

with compliance of the Court's final judgment.

D. For an award of damages, including actual, statutory, nominal, and

consequential damages, as allowed by law in an amount to be determined

by a jury at trial;

E. For an award of attorneys' fees, costs, and litigation expenses, as

allowed by law;

F. For prejudgment interest on all amounts awarded; and

G. Such other and further relief as this Court may deem just and proper.

### JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury.


Dated: December 1, 2025    Respectfully Submitted,


By: */s/ Daniel Srourian*
Daniel Srourian, Esq. (CA Bar No. 285678)
**Srourian Law Firm, P.C.**
468 N. Camden Dr.
Suite 200
Beverly Hills, CA 90210
daniel@slfla.com

*Attorney for Plaintiff and Proposed Class*